FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 10 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GEORGE XENOS,

                              Plaintiff,

-against-

156-40 GRILL, LLC *aka* GREEK GRILL, *et al.*,

                              Defendants.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-1175 (SLT)(SMG)

**TOWNES, United States District Judge:**

       On February 25, 2014, Plaintiff George Xenos, a former employee of Defendants, filed this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiff's complaint alleges that he was not paid the minimum wage or overtime wages, among other violations, and sought back wages and other relief.

       On November 26, 2014, the parties informed Chief Magistrate Judge Gold that the parties had reached a settlement of this action. On December 2, 2014, the parties filed a stipulation of dismissal purporting to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41. The stipulation implicitly seeks this Court's approval of the settlement by including language that "the Court approves of the parties' resolution of the FLSA claims" and a space for this Court to "so order" the stipulation.

       Rule 41(a)(l)(A) of the Federal Rules of Civil Procedure provides that "[s]ubject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." However, the FLSA limits the ability of parties to voluntarily dismiss an action in this manner, placing "'strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver.'" *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-CV-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (alteration in original) (quoting *Le v. SITA Info. Networking Computing*

*USA, Inc.*, 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. March 13, 2008)). "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011) (quoting *Manning v. New York Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, at *13 (S.D.N.Y. Aug. 22, 2001)). First, 29 U.S.C. § 216(c) expressly authorizes the Secretary of Labor "to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees . . . ." Second, "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Joo*, 763 F. Supp. 2d at 644 (quoting *Manning*, 2001 WL 963982, at *13); *see also Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

While the parties tacitly request Court approval of the settlement, they have not provided the Court with a copy of the Settlement Agreement or with a memorandum explaining why the settlement is fair. Without this documentation, this Court cannot scrutinize the settlement for fairness and cannot accede to dismissal with prejudice. Accordingly, the Court not only declines to "so order" the Stipulation of Dismissal but directs that the stipulation be stricken. *See Mosquera*, 2011 WL 282327, at *2. If the parties wish to dismiss this action with prejudice, they shall submit, at a minimum, (1) a copy of the Settlement Agreement and (2) a joint memorandum of law explaining why the proposed settlement is fair and should be approved.

## *CONCLUSION*

For the reasons stated above, this Court declines to "so order" the Stipulation of Dismissal (ECF No. 16), and directs that this stipulation be stricken. If the parties wish to dismiss this action with prejudice, they shall submit, on or before December 22, 2014, (1) a copy of the Settlement Agreement and (2) a joint memorandum of law explaining why the proposed settlement is fair and should be approved.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: December 3, 2014
Brooklyn, New York